**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

RANCHO DEL OSO PARDO, INC. *et al.*,

      Plaintiffs,

vs.                                                                     Civ. No. 20-427 SCY/KK

NEW MEXICO DEPARTMENT OF GAME
AND FISH *et al.*,

      Defendants.

## ORDER STAYING DISCOVERY

THIS MATTER is before the Court on Defendants New Mexico Department of Game and Fish and Director Michael Sloane's Motion to Stay (Doc. 9) ("Motion to Stay"), filed May 12, 2020. Defendants the New Mexico Department of Game and Fish ("Department") and Sloane filed a memorandum in support of the Motion to Stay on May 12, 2020 (Doc. 10); Plaintiffs filed a response in opposition to it on June 8, 2020 (Doc. 19); and, the Department and Defendant Sloane filed a reply in support of it on June 23, 2020.[1] (Doc. 25.) The Court, having reviewed the parties' submissions, the record, and the relevant law, and being otherwise fully advised, FINDS that the portion of the Motion to Stay seeking a stay of discovery pending resolution of Defendant Sloane's qualified immunity defense is well-taken and should be GRANTED.

In their Motion to Stay, the Department and Defendant Sloane seek

> an Order staying [the Court's] consideration of this case pending the resolution of a case now before the New Mexico Supreme Court (*Adobe Whitewater Club, et al. v. Hon. Michelle Lujan* Grisham, Case No. S-1-SC-38195), or in the alternative staying discovery pending determination by the Court of the qualified immunity of these Defendants with respect to the Plaintiffs' claims under 42 U.S.C. § 1983.

---

[1] The Court notes that substantively indistinguishable pleadings have been filed in *Fenn Farm v. New Mexico Dep't of Game and Fish*, Civ. No. 20-468 SCY/KK (D.N.M.), which was consolidated with this case on June 29, 2020. *See id.* (Docs. 5, 6, 17, 20). Given that this case and *Fenn Farm* have been consolidated for all purposes and this case has been designated as the lead case, *id.* (Doc. 20 at 2), this Order is applicable to both cases.

(Doc. 9 at 2.)  This Order addresses only the latter request, the former being reserved to the assigned presiding judge.

"Qualified immunity is an entitlement not to stand trial or face the other burdens of litigation.  The privilege is an immunity from suit rather than a mere defense to liability[.]"  *Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004) (quoting *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985)) (quotation marks omitted); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) (citing *Siegert v. Gilley*, 500 U.S. 226, 231-33 (1991)).  The doctrine of qualified immunity protects government officials not only from the costs associated with trial, but also from "the other burdens of litigation," including "the burdens of broad-reaching discovery."  *Mitchell*, 472 U.S. at 526.  The Supreme Court has "repeatedly . . . stressed the importance of resolving immunity questions at the earliest possible stage in litigation."  *Pearson v. Callahan*, 555 U.S. 223, 232 (2009).  "[T]he driving force behind [the] creation of the qualified immunity doctrine was a desire to ensure that insubstantial claims against government officials will be resolved prior to discovery."  *Id.* at 231 (quotation marks and brackets omitted).  Thus, in general, when a defendant asserts the defense of qualified immunity on a motion to dismiss, the district court should stay discovery until the immunity issue is resolved.  *Workman,* 958 F.2d at 336.

There is no dispute that Defendant Sloane has raised the defense of qualified immunity pursuant to his and the Department's Motion to Dismiss Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Motion to Dismiss").[2]  (Docs. 7, 8.)  Nevertheless, Plaintiffs oppose

---

[2] In the Motion to Dismiss, the Department also appears to raise the defense of qualified immunity.  (*See generally* Docs. 7, 8.)  The Court notes that this defense—as opposed to, for example, the defense of absolute immunity from money damages available to state agencies pursuant to the Eleventh Amendment, *see, e.g., Tarrant Reg'l Water Dist. v. Sevenoaks*, 545 F.3d 906, 911 (10th Cir. 2008)—is available to government officials rather than agencies.  *See, e.g., Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011) ("Qualified immunity shields federal and state *officials* from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct.") (emphasis added); *Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982) (qualified immunity is "the norm" for "executive *officials*") (emphasis added).  However,

the Department's and Defendant Sloane's request for a discovery stay, relying on two cases, *i.e.*, *Crawford-El v. Britton*, 523 U.S. 574 (1998) and *Saenz v. Lovington Mun. Sch. Dist.*, No. CIV 14-1005 JB/SMV, 2015 WL 1906140 (D.N.M. Apr. 6, 2015).[3]  (Doc. 19 at 24.)  The Court has carefully reviewed these decisions and finds that neither justifies a deviation in this case from the general rule that discovery should be stayed pending resolution of a motion to dismiss based on qualified immunity.

Plaintiffs cite *Crawford-El* for the proposition that "a qualified immunity motion does not require a stay of all discovery, but instead simply requires some limitations on discovery with 'priority to discovery concerning issues that bear upon the qualified immunity defense . . . since that defense should be resolved as early as possible.'"  (Doc. 19 at 24 (quoting *Crawford-El*, 523 U.S. at 599).)  However, Plaintiffs' quotation is taken out of context and ignores other language that is directly contrary to their position.  Specifically, in *Crawford-El*, the Supreme Court stated that, if a defendant pleads the defense of qualified immunity, "the district court should resolve that threshold question before permitting discovery."  523 U.S. at 598.  Only if the plaintiff's claims survive this "initial hurdle[]" and "is otherwise viable" is the plaintiff "ordinarily . . . entitled to some discovery."  *Id.*  And even then, the Supreme Court noted the trial court's "broad discretion to tailor discovery narrowly and to dictate the sequence of discovery."  *Id.*  It is in the latter context,

---

the Court need not decide whether the Department has asserted or is entitled to raise the defense of qualified immunity because, even if only Defendant Sloane has asserted and is entitled to raise the defense, there would be no point in staying discovery only as to Defendant Sloane.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 685–86 (2009) (noting that a defendant raising the defense of qualified immunity "would not be free from the burdens of discovery" if "pretrial proceedings continue for other defendants" because he would still need to "participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to [his] position").  Rather, discovery should be stayed as to all Defendants or none.

[3] Plaintiffs also cite to *De Baca v. United States*, 403 F. Supp. 3d 1098 (D.N.M. 2019), in which the court denied a motion to stay discovery.  (Doc. 19 at 25.)  However, the *De Baca* court specifically distinguished cases involving qualified immunity, because the *De Baca* defendants did "not raise a qualified immunity defense."  *Id.* at 1130.

3

*i.e.*, after the "threshold question" of qualified immunity has been resolved on the pleadings, that the Supreme Court instructed the lower courts to give priority to discovery regarding the qualified immunity defense. *Id.* at 600.

Similarly, in *Saenz*, the court began by observing that, "[o]rdinarily, once a defendant files a motion to dismiss that raises qualified immunity, the Court should stay discovery." 2015 WL 1906140 at *10. The court acknowledged that "qualified immunity does not shield government officials from all discovery but only from discovery which is either avoidable or overly broad," and that, "where the claim turns at least partially on a factual question . . . , courts should allow discovery, but limit the discovery to allow the plaintiff to uncover only the necessary facts to decide the immunity claim." *Id.* However, the *Saenz* court went on to find that there was "no additional discovery that could assist the [c]ourt in resolving a factual question in the" motion to dismiss based on qualified immunity. *Id.* It therefore granted the defendants' motion to stay discovery. *Id.* at *11-*12.

Similarly, in this case, Plaintiffs have failed to identify any additional discovery that could assist the Court in resolving a factual question in Defendant Sloane's motion to dismiss based on qualified immunity. As the *Saenz* court observed, on a motion to dismiss, the Court is generally "limited to the allegations in the [c]omplaint, and the Court will consider all factual allegations as true." *Id.* at *11. In these circumstances, "[a]dditional discovery would not assist [Plaintiffs] in responding to the [motion to dismiss], because the Court would not consider additional discovery." *Id.* Thus, both *Crawford-El* and *Saenz* actually support Defendants' motion to stay discovery pending resolution of Defendant Sloane's motion to dismiss based on qualified immunity.

Plaintiffs also argue that the Court should decline to stay discovery notwithstanding Defendant Sloane's assertion of qualified immunity because Defendant Sloane will still be a party

"with respect to Plaintiffs' claim for mandamus relief" even if he prevails on his qualified immunity motion. (Doc. 19 at 24.) However, Plaintiffs cite no caselaw supporting this argument, and the Court finds Defendants' citation of *Martin v. City of Albuquerque*, 219 F. Supp. 3d 1081 (D.N.M. 2015), to the contrary to be persuasive. (Doc. 25 at 12.) As in *Martin*, "[i]f the Court stay[s] only [discovery as to] the § 1983 claim [against Defendant Sloane], the stay would not mean much, if anything. The facts for many claims are the same, and proof overlaps." 219 F. Supp. 3d at 1091. "Unless the Court stays [discovery as to] the entire case, [Defendant Sloane] will not get the stay that qualified immunity law entitles him to." *Id.* For the foregoing reasons, the Court finds that Defendants are entitled to a stay of discovery pending resolution of Defendant Sloane's qualified immunity defense.

IT IS THEREFORE ORDERED that the portion of Defendants New Mexico Department of Game and Fish and Director Michael Sloane's Motion to Stay (Doc. 9) seeking a stay of discovery pending resolution of Defendant Sloane's motion to dismiss based on qualified immunity is GRANTED. Discovery in this matter is stayed pending resolution of Defendant Sloane's Motion to Dismiss Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Docs. 7, 8) insofar as that motion is based on his assertion of the defense of qualified immunity.

IT IS SO ORDERED.

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE