## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

RANCHO DEL OSO PARDO, INC.;
RIVER BEND RANCH, LLC; and
CHAMA III, LLC d/b/a CANONES
CREEK RANCH,

       Plaintiffs,

vs.                                                                                    CIV 20-427 SCY/KK
                                                                                       (as consolidated with
                                                                                       CIV 20-468 SCY/KK)

NEW MEXICO GAME COMMISSION;
SHARON SALAZAR HICKEY, chair of the
New Mexico Game Commission, in her individual
and official capacity; ROBERTA SALAZAR-HENRY,
vice-chair of the New Mexico Game Commission,
in her individual and official capacity; JIMMY
BATES, member of the New Mexico Game
Commission, in his individual and official
capacity; GAIL CRAMER, member of the
New Mexico Game Commission, in her
individual and official capacity; TIRZIO
LOPEZ, member of the New Mexico Game
Commission, in his individual and official capacity;
DAVID SOULES, member of the New Mexico
Game Commission, in his individual and official
capacity; and JEREMY VESBACH, member of
the New Mexico Game Commission, in his
individual and official capacity,

       Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING
## MOTION FOR PARTIAL SUMMARY JUDGMENT

     This matter comes before the Court on consolidated cases[1] that seek enforcement of New

Mexico Administrative Code ("NMAC") Section 19.31.22. This regulation provides a process by

---

[1] The consolidated cases in this matter are *Rancho Del Oso Pardo, Inc. v. N.M. Dep't of Game and Fish*, No. 20cv427 (D.N.M. filed May 5, 2020) ("*Rancho*"), and *Fenn Farm v. N.M. Dep't of Game and Fish*, No. 20cv468 (D.N.M. filed May 14, 2020) ("*Fenn Farm*"). *Rancho* is the lead case, and unless specified otherwise, references to documents are those filed in the *Rancho* case.

which property owners whose property abuts waterways can seek a certification and signage that the waterway is non-navigable and closed to the public. Plaintiffs are companies and LLCs that own ranches along rivers and who submitted, or planned to submit, applications for certification pursuant to Section 19.31.22.

Presently before the Court is Plaintiffs' "Motion for Partial Summary Judgment Against the New Mexico Game Commission: Mandamus" filed August 7, 2020.[2] Doc. 37. Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b), all parties in both cases consented to me serving as the presiding judge and entering final judgment in these consolidated cases. Docs. 14, 15, 16; *Fenn Farm*, Docs. 24, 25, 26, 27, 28, 29. The Court finds that mandamus is appropriate and will thus grant Plaintiffs' motion for partial summary judgment.

## **BACKGROUND**

### 1.  **NMAC § 19.31.22[3]**

At the heart of this case is the Stream Access Law, enacted by the New Mexico Legislature and effective July 1, 2015. This law provides:

---

[2] The consolidated cases involve five Plaintiffs. Rancho Del Oso Pardo, Inc., River Bend Ranch, LLC, and Chama III, LLC d/b/a Canones Creek Ranch ("Canones") are the Plaintiffs in the *Rancho* case. Fenn Farm and Three River Cattle, LTD, Co. are the Plaintiffs in the *Fenn Farm* case. The present motion for partial summary judgment seeks summary judgment in "Plaintiffs' favor," but only discusses the Plaintiffs in the *Rancho* case. Doc. 37. The motion contains no undisputed material facts as to the *Fenn Farm* Plaintiffs. *See id.* at 5. That is, even if Plaintiffs intended the *Fenn Farm* Plaintiffs (Fenn Farms and Three River Cattle) to be included in the present motion for summary judgment, the Court has no facts about their applications upon which to grant summary judgment. Accordingly, the Court will only consider whether Plaintiffs Rancho Del Oso Pardo, River Bend Ranch, and Canones are entitled to summary judgment. Unless specified otherwise, when referencing "Plaintiffs" the Court is referring only to those three Plaintiffs in the *Rancho* case.

[3] The Court provides this background information on Section 19.31.22 to provide context. In making its determination on summary judgment, the Court considers only the undisputed material facts.

No person engaged in hunting, fishing, trapping, camping, hiking, sightseeing, the operation of watercraft or any other recreational use shall walk or wade onto private property through non-navigable public water or access public water via private property unless the private property owner or lessee or person in control of the private land has expressly consented in writing.

NMSA § 17-4-6(C). Following the enactment of this law, the New Mexico Game Commission issued "rules, requirements, definitions and regulations implementing the process for a landowner to be issued a certificate and signage by the director and the commission that recognizes that within the landowner's private property is a segment of a non-navigable public water, whose riverbed or streambed or lakebed is closed to access without written permission from the landowner." 19.31.22.6 NMAC.

Under Section 19.31.22, to apply for and obtain a certification regarding non-navigable water, the application process requires the landowner to submit specific information, as listed in Section 19.31.22.8(B). 19.31.22.8(A), (B) NMAC. If an application includes the required contents, the Department of Game and Fish shall accept it for further consideration without regard to the merits and shall forward it to the director of the Department of Game and Fish. 19.31.22.8(C) NMAC; 19.31.22.9(A) NMAC. The director has 60 days to determine if the application meets the requirements of Section 19.31.22.8 and to make a written determination and recommendation or a written rejection to the New Mexico Game Commission. 19.31.22.9(A), (B) NMAC. Upon the director's recommendation, the Commission shall hear the matter, and make a final vote, at a future regular or special meeting that is set no later than 180 days after the director issues his written determination. 19.31.22.9(B) NMAC. Thus, the final action of the Commission must be completed within 180 days after receiving the director's recommendation. 19.31.22.11(D) NMAC.

3

**2. Procedural Background**

On March 13, 2020, the Adobe Whitewater Club of New Mexico, the New Mexico Wildlife Federation, and the New Mexico Chapter of Backcountry Hunters & Anglers filed a Petition for Mandamus with the New Mexico Supreme Court, seeking a decision on whether Section 19.31.22 is constitutional under the New Mexico Constitution. *Adobe Whitewater*, No. S-1-SC-38195.

In the meantime, Plaintiffs bring these consolidated lawsuits to enforce Section 19.31.22. They originally brought suit against two sets of Defendants: (1) the New Mexico Department of Game and Fish (the "Department") and its director, Michael Sloane and (2) the New Mexico Game Commission (the "Commission") and its individual members ("Commissioners"). Plaintiffs' complaints seek a writ of mandamus or, in the alternative, declaratory judgment, compelling Defendants to issue certificates as set forth in Section 19.31.22, as well as damages under Section 1983 for denial of constitutional rights.

Plaintiffs Rancho Del Oso Pardo, Inc., River Bend Ranch, LLC, and Chama III, LLC filed their suit in state district court on April 14, 2020, Doc. 1-1, and the Department and Director Sloane removed it from state court on May 5, 2020, Doc. 1. Likewise, on May 8, 2020, Plaintiffs Fenn Farm and Three Rivers Cattle, LTD filed suit in state district court against the same sets of Defendants. *Fenn Farm*, Doc. 1-1. Once again, the Department and Director Sloane removed to federal court (on May 14, 2020). *Fenn Farm*, Doc. 1. The *Fenn Farm* Plaintiffs seek the same relief as the *Rancho* Plaintiffs. *Fenn Farm*, Doc. 1-1. Thus, the Court has consolidated the cases. *Fenn Farm*, Doc. 20.

Shortly after removing these cases, Defendants filed motions to stay the federal court proceedings until after the New Mexico Supreme Court issues a decision in the *Adobe*

*Whitewater* case. Docs. 6, 9; *Fenn Farm* Docs. 5, 6. At the same time, the Department and Director Sloane filed motions to dismiss, asserting qualified immunity as to the federal claims and arguing that the Court should dismiss Plaintiffs' claims for mandamus relief and declaratory judgment because they have carried out their duties under Section 19.31.22. Docs. 7, 8; *Fenn Farm*, Docs. 3, 4. The Court issued a Memorandum Opinion and Order on December 21, 2020 denying the motions to stay and granting in part, denying in part, and taking under advisement in part the motions to dismiss. Doc. 50. The Court granted the motions to dismiss as to the federal claims brought against Director Sloane but denied the motions to dismiss as to the federal claims brought against the Department. *Id.* The Court also took under advisement the portions of the motions to dismiss related to the mandamus and declaratory judgment claims against Defendants Sloane and the Department and allowed Plaintiffs forty-five days to amend their complaints. *Id.* Following that Order, neither set of Plaintiffs filed an amended complaint but did file a "Stipulated Dismissal as to the New Mexico Department of Game and Fish and Michael Sloane," pursuant to Federal Rule of Civil Procedure 41(a)(ii). Doc. 54. Dismissal of these Defendants mooted the remaining portions of their earlier filed motion to dismiss (Doc. 7); accordingly, the Court denied the remaining portions of the motions to dismiss as moot. Doc. 56.

This leaves the Commission and the Commissioners as the remaining Defendants in this case. Presently before the Court is Plaintiffs' motion for partial summary judgment, seeking summary judgment against just the Commission on Plaintiffs' claim for a writ of mandamus in the *Rancho* case. Doc. 37.

## UNDISPUTED MATERIAL FACTS[4]

Plaintiffs Rancho Del Oso Pardo, River Bend Ranch, and Canones submitted applications under Section 19.31.22 containing all the information required by Section 19.31.22.8(B). Plaintiffs' Undisputed Material Fact ("Plf. UMF") No. 1.[5] The 180 day period for the Commission to issue final agency action regarding Canones' and River Bend Ranch's applications commenced on November 25, 2019 and, for Rancho Del Oso Pardo's application, the 180 day period commenced on January 19, 2020. Plf. UMF Nos. 2, 3. However, the Commission did not issue a final agency action regarding any of the three applications within the 180 day period. Plf. UMF Nos. 4, 5.

On March 3, 2020, the Adobe Whitewater Club of New Mexico, New Mexico Wildlife Federation, and the New Mexico Chapter of Backcounty Hunters & Anglers filed a Verified Petition for Mandamus Original Jurisdiction with the New Mexico Supreme Court, challenging the constitutionality of Section 19.31.22. Defendant's Additional Undisputed Material Fact

---

[4] On September 9, 2020 Plaintiffs filed a "Motion for Consideration of Newly Discovered Evidence Relevant to Pending Motions." Doc. 46. That motion requested that the Court consider new evidence when deciding the motions to dismiss and motions to stay. In its Order on the motions to dismiss and motions to stay, the Court denied Plaintiffs' motion to consider new evidence, as the Court constrained itself to the complaint in deciding the motion to dismiss. Doc. 50 at 37. Nonetheless, the Court left open the possibility that it would consider such evidence in connection with Plaintiffs' partial motion for summary judgment. *Id.* at 38 (stating the Court would discuss at the next status conference "whether Plaintiffs should be allowed to renew this motion as it relates to their Motion for Summary Judgment"). Plaintiffs never filed an amended complaint and so the Court never held a status conference. Because the Court grants Plaintiffs' motion for summary judgment without reliance on Plaintiffs' "newly discovered evidence," however, the Court need not consider whether to allow Plaintiffs to refile their motion to consider new evidence.

[5] Plaintiffs' Statement of Undisputed Material Facts are set forth in Doc. 37 at 5 and are undisputed by Defendant Commission. *See* Doc. 42 at 2 (Defendant Commission's response to Plaintiffs' facts).

("Def. UMF") Nos. 1, 2.[6] At the time Plaintiffs filed their complaint in the present lawsuit, they were aware of the *Adobe Whitewater* case before the New Mexico Supreme Court. Def. UMF No. 3. The parties dispute whether a ruling from the New Mexico Supreme Court regarding the constitutionality of Section 19.31.22 would render Plaintiffs' complaint moot.[7] Def. UMF No. 4; Doc. 43 at 2.

## LEGAL STANDARD

The court shall grant summary judgment if the movant shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In other words, a dispute is genuine "if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way," and it is material "if under the substantive law it is essential to the proper disposition of the claim." *Becker v. Bateman*, 709 F.3d 1019, 1022 (10th Cir. 2013) (internal quotation marks omitted). In reviewing a motion for summary judgment, the Court views the evidence and all reasonable inferences therefrom in the light most favorable to the non-moving party. *S.E.C. v. Thompson*, 732 F.3d 1151, 1156-57 (10th Cir. 2013) (internal quotation marks omitted).

Because the parties do not dispute the material facts, the Court must decide whether the movants (Plaintiffs) are entitled to judgment as a matter of law.

---

[6] Defendant's Additional Undisputed Material Facts are set forth in Doc. 42 at 2-3 and are undisputed unless otherwise indicated. *See* Doc. 43 at 2-3 (Plaintiffs' response to Defendant's facts).

[7] As discussed in the analysis below, the Court does not find this fact to be material.

## ANALYSIS

As an initial matter, the Court considers *sua sponte* whether it has authority to issue the requested mandamus at the center of the motion for partial summary judgment and concludes that it does.

Defendants Director Sloane and the Department removed these consolidated cases to federal court, citing this Court's original jurisdiction over the federal § 1983 claims pursuant to 28 U.S.C. § 1441(a). Doc. 1; *Fenn Farm*, Doc. 1. Because the Court has original jurisdiction over the federal claims, it has supplemental jurisdiction over the related state-law mandamus and declaratory judgment claims. *See* 28 U.S.C. § 1367. It is well established that federal courts do not have authority under federal law to issue a writ of mandamus to a state employee. *See* 28 U.S.C. § 1362 (giving federal district courts the authority to issue writs of mandamus to "compel an *officer or employee of the United States* or any agency thereof to perform a duty owed to the plaintiff" (emphasis added)).[8] However, at issue in this case is whether this Court has authority, under its supplemental jurisdiction, to issue a writ of mandamus under New Mexico mandamus law to a state commission.

In *Coniston Corp. v. Village of Hoffman Estates*, the Seventh Circuit stated in dicta that a federal district court addressing claims under supplemental jurisdiction, had "no jurisdiction to issue a mandamus against state officials for violating their duties under state law." 844 F.2d 461, 469 (7th Cir. 1988). The Seventh Circuit cited *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984) to support this point. In *Pennhurst*, however, the Supreme Court dealt

---

[8] It is also well established that federal courts do not have authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties. *Haggard v. State of Tenn.*, 421 F.2d 1284, 1386 (6th Cir. 1970); *Stewart v. Hill*, 8 F. App'x 894, 896 (10th Cir. 2001). That rule is inapplicable in this case because Plaintiffs are not seeking to compel an action from a state court or judicial officer, but from a state agency.

specifically with Eleventh Amendment immunity, reminding courts that even if a federal court

has pendent (i.e. supplemental) jurisdiction over a state law claim against a state official, the

Court must still decide if Eleventh Amendment immunity bars that claim in federal court. 465

U.S. at 119-121. In this case, the Commission does not attempt to argue that it is an arm of the

state entitled to Eleventh Amendment immunity. Accordingly, the Court finds *Coniston* and

*Pennhurst* inapplicable.

Instead, the Northern District of Ohio provides persuasive reasoning in *Vary v. City of

Cleveland*, to address the Court's concern regarding its authority under supplemental jurisdiction

to issue a writ of mandamus directed at a state commission. 206 F. Supp. 3d 1273 (N.D. Ohio

2016). In *Vary*, the court held that a federal court sitting in diversity jurisdiction "acts as any

other court of the state, and can issue writs that the state courts are empowered to grant." *Id.* at

1277. The same is true for a court exercising supplemental jurisdiction. *See* 28 U.S.C. § 1651(a)

(authorizing federal courts to issue writs "necessary or appropriate in aid of their respective

jurisdiction"); *Haggard v. State of Tenn.*, 421 F.2d 1384, 1386 (6th Cir. 1970) (holding that a

federal court does not have "general jurisdiction to issue writs of mandamus where that is the

only relief sought"; rather, "it can issue writs of mandamus only as ancillary to and in aid of

jurisdiction otherwise vested in it").

Having determined it has jurisdiction, the Court turns to the merits of Plaintiffs' motion

for summary judgment on their mandamus claim. Under New Mexico law, "[m]andamus lies

only to compel a public officer to perform an affirmative act where, on a given state of facts, the

public officer has a clear legal duty to perform the act and there is no other plain, speedy, and

adequate remedy in the course of the law." *Mimbres Valley Irrigation Co. v. Salopek*, 2006-

NMCA-093, ¶ 11, 140 P.3d 1117. Further, "[t]he writ applies only to ministerial duties and it

will not lie when the matter has been entrusted to the judgment or discretion of the public officer." *Id.* In other words, mandamus is appropriate only if three requirements are met: (1) the plaintiff shows an existence of a clear legal right to the performance of a duty clearly required by law; (2) there is no other plain, speedy, and adequate remedy; and (3) the act to be performed is ministerial. *See Matter of Grand Jury Sandoval Cnty.*, 1998-NMCA-007, ¶¶ 9-10, 750 P.2d 464.

### 1. Plaintiffs have a clear legal right to performance of a duty that the Commissioner is clearly required by law to complete.

First, Plaintiffs argue, and the Court agrees, that the Commission has a clear legal duty to act and Plaintiffs have a clear legal right. Upon receipt of the director's recommendation, the Commission was required, with 180 days, to hear the matter at a meeting and issue a final agency decision. 19.31.22.9(B) NMAC; 19.31.22.11(D) NMAC; *see also Narvaez v. New Mexico Dep't of Workforce Solutions*, 2013-NMCA-079, ¶ 15, 306 P.3d 513 ("An administrative agency is bound by its own regulations."). In other words, the Commission had a duty under Section 19.31.22 to act on Plaintiffs' applications within 180 days from receiving the director's recommendation and Plaintiffs had a legal right, under that same regulation, to receive a final action on their applications. Yet, it is undisputed that the 180-day period began to run for Canones' and River Bend Ranch's application on November 25, 2019 and for Rancho Del Oso Pardo's on January 19, 2020, and that the Commission never issued a final action on any of the three applications. Plf. UMF Nos. 2-5.

The Commission, on the other hand, argues that its duty to act and Plaintiffs' legal right "is anything but clear." Doc. 42 at 3. To support this position, the Commission points to the *Adobe Whitewater* case pending before the New Mexico Supreme Court, which challenges the constitutionality of Section 19.31.22. The Commission, in essence, argues that it is unable to follow Section 19.31.22 until the New Mexico Supreme Court determines the validity of that

regulation. The Court finds this argument unpersuasive. Section 19.31.22 appears to be a validly enacted regulation and no party asserts that Section 19.31.22 was invalidly enacted. Although the New Mexico Supreme Court may ultimately find the law to be unconstitutional (a subject on which the Court expresses no opinion), until and unless it does, Section 19.31.22 is the law of the land. The New Mexico Supreme Court in *Adobe Whitewater* could choose to stay enforcement of the regulation pending its decision. But, it has not done so. Further, the Commission cites no authority, and the Court is unaware of any, that establishes a validly enacted regulation becomes unenforceable when it is challenged in a different lawsuit.

The Commission's cite to *State ex rel. McElroy v. Vesely*, 1935-NMSC-096, 52 P.2d 1090, does not convince the Court otherwise. In *McElroy*, the plaintiff appealed the dismissal of its application for a peremptory writ of mandamus seeking to renew certain leases of state land. 1935-NMSC-096, ¶ 1. The main issue in the case was whether the leases were allowed under the New Mexico Enabling Act, the Constitution, and statutes. *Id.* Thus, before deciding whether mandamus should issue, the New Mexico Supreme Court necessarily considered the threshold question of whether the plaintiff had a clear legal right to renew the leases under the Constitution and statutes. *Id.* ¶¶ 4-5. In other words, the New Mexico Supreme Court in *McElroy* considered the validity and scope of the law at issue. Conversely, the Commission here does not argue that Section 19.31.22 is invalid or inapplicable to the present situation. Instead, it argues that Section 19.31.22 is presently unenforceable because a different party in a different lawsuit is challenging the constitutionality of that regulation. Accepting the Commissioner's argument would allow anyone who did not like a particular duly enacted regulation to prevent enforcement of that regulation simply by instituting litigation challenging the validity of that regulation. Particularly in the absence of authority that supports this argument, the Court rejects it.

11

**2.   No other plain, speedy, and adequate remedy exists for Plaintiffs.**

"Where an appeal process is available to a litigant, mandamus is not an appropriate vehicle for challenging an administrative decision." *State ex. rel. Hyde Park Co., LLC v. Planning Comm'n of City of Santa Fe*, 1998-NMCA-146, ¶ 11, 965 P.2d 951. New Mexico law allows for an administrative appeal of an agency action when the issue is "ripe for judicial review, with a final resolution of the relevant issues by the agency and with a concrete, developed factual record." *New Mexico Indus. Energy Consumers v. New Mexico Pub. Serv. Comm'n*, 1991-NMSC-018, ¶ 7, 808 P.2d 592. Indeed, Section 19.31.22 itself allows a landowner to appeal the Commission's decision no later than 30 days after issuance of the written final agency action. 19.31.22.12 NMAC. This appeal process, however, is unavailable to Plaintiffs because the Commission has not issued a final agency action, let alone a written version of that decision, from which Plaintiffs can appeal. Thus, other than a request for mandamus, Plaintiffs have no plain, speedy, and adequate remedy to receive a decision on their applications as Section 19.31.22 requires.

The Commission again argues that mandamus is not appropriate because "Plaintiffs seeks a 'final decision' on their applications, but no decision can be final until the New Mexico Supreme rules as to whether the relief Plaintiffs seek is available." Doc. 42 at 4. In essence, it argues that Plaintiffs have an adequate remedy due to the pending *Adobe Whitewater* case. But the Adobe Whitewater case involves different parties and a different issue and, therefore, a decision in *Adobe Whitewater* will not necessarily resolve this matter. True, the *Adobe Whitewater* case will, if accepted by the New Mexico Supreme Court, decide the constitutionality of Section 19.31.22. And, if the New Mexico Supreme Court decides it is constitutional, the Commission will likely then proceed on Plaintiffs' applications. But the *Adobe*

12

*Whitewater* decision will not compel it to do so because Plaintiffs' applications are not part of that case. Instead, Plaintiffs' applications are part of the present case. Plaintiffs bring this lawsuit to enforce a currently valid regulation and the Court finds their request for mandamus to be the only plain, speedy, and adequate remedy available to them.

      **3.   The act to be performed is ministerial.**

A ministerial act is "an action or thing which [a public board] is required to perform by direction of law upon a given state of facts being shown to exist, regardless of [the board's] own opinion as to the propriety or impropriety of doing the act in the particular case." *Brantley Farms v. Carlsbad Irrigation Dist.*, 1998-NMCA-023, ¶ 22, 954 P.2d 763. Here, the Commission has a ministerial duty to hold a meeting and issue a final agency action on an application within 180 days after receiving the director's recommendation. 19.31.22.9(B) NMAC; 19.31.22.11(D) NMAC. That is, upon receiving the director's recommendation (which, here, the Commission received on November 25, 2019 and January 19, 2020), Section 19.31.22 required the Commission to act within 180 days to issue a final agency action. This requirement exists regardless of the Commissioners' opinion on the propriety or impropriety of issuing a final agency action. Contrary to the Commission's argument, the pending *Adobe Whitewater* case does not transform this currently valid ministerial duty into an unclear duty. The Commission failed to perform its ministerial duty and so mandamus is appropriate.

To be clear, the Court is not requiring the Commission to approve Plaintiffs' applications. Under the regulations, the Commission can accept or reject the director's recommendation, or can "take such other final action as necessary to resolve the application." 19.31.22.11(G) NMAC. The Commission, therefore, has discretion under the regulations as to the outcome of the decision. Its duty to make that final decision within the time prescribed, however, is

ministerial. Thus, although the Court does not opine about what the Commission's final agency action should be, the Court orders the Commission to issue that final agency action as Section 19.31.22 requires. *See Brantley Farms*, 1998-NMCA-023, ¶ 22 ("The writ will not, however, direct the performance of the particular act from among two or more allowed alternatives.").

## <u>CONCLUSION</u>

For these reasons, the Court grants the Motion for Partial Summary Judgment (Doc. 37) as to Plaintiffs Rancho Del Oso Pardo, Inc., River Bend Ranch, LLC and Chama III, LLC d/b/a Canones Creek Ranch. Partial summary judgment is granted against Defendant New Mexico Game Commission on Plaintiffs' claim for writ of mandamus. Within 180 days of this Order, the Commission shall hold a meeting, following the meeting notice and procedure requirements contained in the applicable regulations, and issue a final agency decision on Plaintiffs' applications as 19.31.22 NMAC requires.

_____
UNITED STATES MAGISTRATE JUDGE
Presiding by consent

14